UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEGEORGE V. FULLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JUDGE ROBERT OKUN, *et al.*,<br><br>　　　　　Defendants. | Case: 1:16-cv-01666  Jury Demand<br>Assigned To : Unassigned<br>Assign. Date : 8/17/2016<br>Description: Pro Se Gen. Civil (F Deck) |

## **MEMORANDUM OPINION**

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court grants the application and dismisses the complaint with prejudice.

Plaintiff brings this action against Robert Okun, an Associate Judge of the Superior Court of the District of Columbia. He alleges that Judge Okun refused to dismiss a civil action that had been brought against plaintiff in the Superior Court and forced plaintiff to appear for trial. For this alleged deprivation of plaintiff's right to due process, plaintiff demands compensatory and punitive damages.

Judge Okun enjoys absolute immunity from liability for damages for acts taken in his judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was

"immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)."). Accordingly, the Court will dismiss this action with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 8/16/16

United States District Judge